GUIDRY, Judge.
Wayne E. Summers, individually and as natural tutor of Sarah Summers and Wayne E. Summers, Jr., and Miriam Summers filed this personal injury suit for damages resulting from a one car accident which occurred on January 5, 1980. The accident, involving a 1977 Datsun pickup truck owned by Wayne and Miriam Summers, operated by Mrs. Summers and occupied by the Summers’ two children, Sarah and Wayne, Jr., occurred in Vermilion Par *881 ish on Parish Road No. 922. Named as defendants were the Parish of Vermilion (hereafter the Parish); The Vermilion Parish Police Jury (hereafter the Police Jury); their liability insurer, National Union Fire Insurance Company of Pittsburgh Pennsylvania, Inc. (hereafter National Union); and the State of Louisiana, through the Department of Transportation and Development (hereafter DOTD). DOTD was dismissed from the suit on a motion for summary judgment on the ground that Parish Road No. 922 is not part of the state highway system. The judgment signed in accordance therewith on November 23, 1981, is final and is not before us on this appeal. After trial on the merits, the trial court rendered judgment in favor of the remaining defendants and against plaintiffs, dismissing their suit with prejudice. Plaintiffs appeal devolutively.
The undisputed facts of the case are as follows: Parish Road No. 922, also known as Gautreaux Road, is a narrow two lane blacktop rural road. On the date of the accident, Mrs. Summers, accompanied by her two children, left her home at approximately 3:00 p.m. traveling in a southerly direction on Gautreaux Road. The weather was clear and dry. Less than one mile from Mrs. Summers’ home on Gautreaux Road is a bridge.[1] There was a small pipe railing on the right hand side or west shoulder of the bridge, but a similar railing was down in the ditch on the left side or east shoulder of the bridge. Mrs- Summers was heading toward this bridge, conversing with her son, conscious of the fact that she was approaching the bridge. Because there was no oncoming traffic and because of the narrow condition of the road, Mrs. Summers was driving in the middle of the roadway, which is not marked by a dividing line. This is the last thing Mrs. Summers was able to recall until she realized that the truck had collided and was stopped straddling the southeasternmost piling of the bridge, i.e., on the east side of the roadway. The undisputed testimony of Trooper Oscar Theriot, who investigated the accident, established that just prior to the collision, the left wheels of the truck had veered off the paved portion of the roadway, traveling on the east shoulder in a straight line for 51’ before making contact with the bridge. At this point, the shoulder narrows and the left wheels of the truck dropped over the side of the bridge, the bottom of her vehicle scraping the beam that runs along the east side of the bridge, until the truck finally came to rest on top of the piling. As a result of the accident, Mrs. Summers and her two children were seriously injured.
Plaintiffs assert that defendants are at fault for maintaining the road in an improper condition which caused this accident and the resulting injuries, and are liable under LSA-C.C. Art. 2317 for a defective thing in their custody.
Although the trial judge found that the condition of Gautreaux Road was “not up to the standard of the modern interstate highways,” he ultimately concluded that plaintiffs had failed to prove that any defect in the road was a cause in fact of the accident. Plaintiffs assert that this finding constitutes manifest error.
In particular, plaintiffs argue that the presence of a bridge railing or other visible marker on the east side of the bridge would have served to warn Mrs. Summers of the narrowness of the bridge. They, thus, argue that the absence of the bridge railing created an unreasonable risk of harm to plaintiffs. For this argument, plaintiff rely on Dabov v. Allstate Insurance Co., 302 *882 So.2d 697 (La.App. 3rd Cir.1974), writs denied, 305 So.2d 539, 540 (La.1975). We find the Dabov case inapposite. In that case, the motorist ran off the side of an extremely narrow bridge while driving along the extreme edge of the road in order to allow an oncoming vehicle to pass. The motorist was driving on the road for the first time and thought she was on the regular roadbed until the accident occurred. In the instant case, the accident occurred less than one mile from Mrs. Summers’ home on a road which she traveled three or four times daily for a period of five years. Mrs. Summers quite frankly admitted that she was conscious of approaching the bridge and was well aware of the bridge’s location and condition. There were no oncoming vehicles and Mrs. Summers was simply at a loss to explain why her car veered to the left and struck the piling. We find that the record supports the trial judge’s conclusion that plaintiffs failed to prove that any defect in the roadway was a cause of the accident.
The remaining authorities relied on by plaintiffs deal with the issue of contributory negligence and damages. Because we find that the trial judge properly concluded that defendants were not liable under LSA-C.C. Art. 2317, we do not reach these issues.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by plaintiffs.
AFFIRMED.

. We use the term bridge for want of a better word. Actually, there is a culvert which runs under the roadway connecting two ditches which run parallel on either side of Gautreaux Road. The surface of the roadway above the culvert is the same as the rest of the road but there is little or no shoulder at this point. The roadway over the culvert is supported by 10" by 10" timber beams. The hard surface blacktopped portion of the road at this site is 15' 5" wide. In between the beams and the paved portion of the roadway is a shell shoulder. From the inside of the east timber beam to the inside of the west timber beam, the roadway measures 18' 6". Abutting and fanning out from the four corners of the culvert are wooden pilings. In between these pilings, there is a steep drop-off into a ditch.